UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John F. Kennedy, | ) |
|       Petitioner, | ) C/A No. 8:21-cv-02832-TMC |
| vs. | ) |
| | ) **ORDER** |
| Warden of Perry Correctional | ) |
|       Respondent. | ) |

## I. INTRODUCTION

Petitioner John F. Kennedy ("Petitioner"), a state prisoner incarcerated at Perry Correctional Institution ("PCI") and proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2021, (ECF No. 1), and he filed an Amended Petition on September 13, 2021 (ECF No. 10).[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pretrial proceedings were referred to a magistrate judge. The United States Magistrate Judge filed a Report and Recommendation ("Report") recommending that this court summarily dismiss the § 2254 petition with prejudice and without requiring the respondent to file a return because the petition was untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996. (ECF No. 15). Petitioner was given notice of his right to file objections to the Report. (ECF No. 15 at 11). Petitioner filed objections. (ECF Nos. 20, 27, 29).

---

[1] In her Report, the magistrate judge indicated that it was "unclear whether Petitioner intended for his second filing to replace the first filing" and, therefore, construed both documents together in reviewing Petitioner's case. Accordingly, the court will do the same for purposes of this order.

1

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is currently incarcerated at PCI. His incarceration stems from his December 2013 conviction for murder.[2] (ECF No. 1 at 1). The South Carolina Court of Appeals affirmed this conviction on May 20, 2015, and the South Carolina Supreme Court denied a petition for writ of certiorari on February 16, 2015, and returned the Remittitur on May 13, 2016. *Id.* at 2; (ECF No. 10 at 2). Petitioner did not seek review before the United States Supreme Court. (ECF Nos. 1 at 3; 10 at 3). Petitioner then filed an application for Post-Conviction Relief (PCR) on March 15, 2016. (ECF Nos. 1 at 3; 10 at 3). The PCR Court denied the application on April 18, 2018.[3] (ECF No. 1 at 3; 10 at 3). Petitioner appealed, and the appeal was denied on July 20, 2020. (ECF Nos. 1 at 4; 10 at 4). The Remittitur was returned on August 12, 2020, and filed on the Public Index on August 17, 2020. *State v. Kennedy*, No. 2016-CP-0400610, *available at* https://publicindex. sccourts.org/ Anderson/PublicIndex/ PISearch.aspx (search by case number "2016CP0400610") (last visited October 4, 2023).

---

[2] The Court takes judicial notice of Petitioner's state court records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The Initial Petition lists the date of conviction as December 5, 2002, (ECF No. 1 at 1), and the Amended Petition lists the date of conviction as December 5, 2012 (Doc. 10 at 1). However, according to the Tenth Judicial Circuit Public Index, Petitioner's date of conviction was December 5, 2013. *State v. Kennedy*, No. 2012-GS-04-02002, *available at* https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (search by case number "J911873") (last visited October 4, 2023). Other documents from the state court records confirm this date as well. Accordingly, the Court will use the date from the Public Index—December 5, 2013—as the date of conviction.

[3] While this Order was signed on April 18, 2018, it was not entered onto the Publix Index until April 27, 2018. *See State v. Kennedy*, No. 2016-CP-0400610, *available at* https://publicindex.sccourts.org/Anderson/PublicIndex/ PISearch.aspx (search by case number "2016CP0400610") (last visited October 4, 2023).

Petitioner then filed his initial Petition for a writ of habeas corpus on September 2, 2021. (ECF No. 1). He filed the Amended Petition on September 13, 2021. (ECF No. 10). As noted herein, the court will construe both documents together (hereinafter referenced collectively as the "Petition"). In his Petition, Petitioner argues that his trial was "fundamentally unfair" because he is actually innocent and because his conviction was "almost entirely based on . . . statements of [a] deceased person not allowing [for] confrontation" (ECF Nos. 1 at 5, 10 at 5); that the prosecutor has a history of misconduct and "corrupted verdicts" (ECF Nos. 1 at 7; 10 at 7); and that trial counsel was ineffective in failing to timely object to an erroneous jury instruction (ECF Nos. 1 at 9; 10 at 9). Additionally, though not listed as a specific "ground" in his Petition, Petitioner appears to challenge the evidence presented at trial. *See* (ECF No. 1-2; 10-3).

After reviewing the record, the magistrate judge filed the Report recommending that the petition be dismissed because Petitioner failed to timely file the Petition within the one-year statute of limitations as provided for by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). (ECF No. 15). Petitioner filed objections to the Report. (ECF No. 20, 27, 29).

### III. STANDARD OF REVIEW

The magistrate judge filed the Report in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review,

an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing the Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)).

## IV. LAW AND ANALYSIS

Petitioner filed this habeas petition after the effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), and, therefore, review of his claims is governed by 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). A one-year statute of limitations governing § 2254 habeas petitions is provided for in 28 U.S.C. § 2244(d). This provision states in pertinent part that the one-year statute of limitations begins to run at "the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A) (2012). However, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* at § 2244(d)(2) (emphasis added).

This statute of limitations is an affirmative defense that ordinarily the "state bears the burden of asserting." *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). However, district courts have the power to raise this limitations defense *sua sponte*. *Id.* at 706. Still, when the petitioner is a *pro se* litigant, such as Petitioner here, the district court must give the petitioner notice and an opportunity to respond as to why the habeas petition is untimely. This notice was provided by the magistrate judge in the Report (ECF No. 15).

---

[4] Petitioner has made no argument for, nor does the court find any justification for, the application of a separate statute of limitations listed in § 2244(d).

## A. TIME COMPUTATION

As an initial matter, nowhere in Petitioner's objections does he object to the date the SOL ran, absent an extension. As noted by the magistrate judge, in South Carolina if a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the ruling of the South Carolina Supreme Court. (ECF No. 15 at 6) (citing *Fleming v. South Carolina*, No. 3:07-cv-3797-JFA-JRM, 2008 WL 5450273, at *4 (D.S.C. Dec. 31, 2008)). As noted herein, the Supreme Court returned the Remittitur in Petitioner's case on May 13, 2016. *State v. Kennedy*, No. 2012-GS-04-02002, *available at* https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (search by case number "J911873") (last visited October 4, 2023). Accordingly, Petitioner's conviction became final 90 days later on August 11, 2016. However, by that time, Petitioner had already filed his application for PCR, which tolled the limitations period under AEDPA. Accordingly, using the date most favorable to Petitioner,[5] his one-year statute of limitations did not begin to run until the Remittitur was returned *and filed* on his PCR direct appeal on August 17, 2020. Therefore, Petitioner's one-year limitation expired on August 17, 2021.

At issue is what date corresponds to Petitioner's filing of the instant Petition. As the magistrate judge noted, the initial Petition was not mailed by Petitioner while in custody, but rather, by a third party by the name of "Mark Marvin," who Petitioner claims is his "secretary," from an address in Montgomery, New York. *See* (ECF No. 1-4 at 1). The envelope was postmarked August

---

[5] As noted by the magistrate judge, there is a disagreement among the courts whether the tolling period ends on the date that the Remittitur is returned or on the day it is filed. (ECF No. 15 at 9–10 (collecting cases). Here, while the court issued the Remittitur on August 12, 2020, such was not filed on the Public Index until August 17, 2020. *State v. Kennedy*, No. 2016-CP-0400610, *available at* https://publicindex.sccourts.org/Anderson/PublicIndex/ PISearch.aspx (search by case number "2016CP0400610") (last visited October 4, 2023). The court will give Petitioner the greatest benefit and use the August 17, 2020 date.

30, 2021, and the court received the document on September 2, 2021. *Id.* The standard form AO 241 associated with this first filing was not dated. (ECF No. 1 at 8). However, the letter attached, signed by Mark Marvin and not Petitioner, was dated August 28, 2021. As the magistrate judge indicated, because Petitioner did not deliver his Petition to the prison officials for mailing but, instead, entrusted his "secretary" Mark Marvin to file the Petition for him, Petitioner is not entitled to the benefit of the prison mailbox rule under *Houston v. Lack*, 487 U.S. 266 (1988). *See United States v. Stewart*, 190 Fed. App'x 287, 289 (4th Cir. 2006) (finding that a party was not entitled to the benefit of *Houston v. Lack* because the notice of appeal was "submitted by someone assisting [the party] with his case" and not mailed by prison officials). Accordingly, the court finds that the Petition in this case is deemed filed September 2, 2021, the date the court received the Petition, which was more than two weeks past the deadline to file under the statute of limitations. Thus, absent equitable tolling or some exception, the Petition is time barred.

### B.  MISCARRIAGE OF JUSTICE EXCEPTION

In his objections, Petitioner argues that because he has asserted a claim of actual innocence, he is not bound by the AEDPA's statute of limitations. (ECF Nos. 20-1; 27 at 1; 29-1 at 1). It is true that a "credible showing of actual innocence may allow a [petitioner] to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, such claim must be *credible,* and the Supreme Court has specifically indicated that this "miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (modification in original). "A valid actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Hayes v. Carver*, 922 F.3d 212, 216 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). While here, Petitioner makes a claim of actual innocence, the only "supporting facts" he provided for such claim was that his conviction is "almost entirely based on statements of [a] deceased person" and that this did not allow for him to confront the witness. (ECF Nos. 1 at 5; 10 at 5). Additionally, in his objections, Petitioner attempts to reexplain the facts already presented at trial in a way that is more favorable to his account. (ECF No. 20). However, nowhere in his Petition, the supporting memoranda, or his objections does Petitioner allege any new evidence that was not presented at trial to support such claim. Accordingly, the court finds that Petitioner has not made a credible assertion of actual innocence so as to warrant the application of the miscarriage of justice exception to the AEDPA statute of limitations. Therefore, Petitioner's objection in this regard is overruled.

### C.  EQUITABLE TOLLING

While Petitioner has not claimed "equitable tolling" specifically, the court construes several of Petitioner's objections to liberally assert such a claim. In his objections, Petitioner attempts to explain his delay in filing his action, arguing that he "had presented Mark Marvin to actual help. But he never did" and that once he worked out his own Petition, there was a "mail delay." (ECF No. 20 at 1). Additionally, he attached what appears to be a letter he sent to the South Carolina Supreme Court in March 2019 that indicated that there had been a lockdown at his institution that resulted in a delay of his filing documents with the Supreme Court. *Id.* at 2.

The AEDPA's statute of limitations is subject to equitable tolling when appropriate. *See e.g. Holland v. Florida*, 560 U.S. 631, 649 (2010); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has made it clear that "any resort to equity must be reserved for those rare

instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross negligence would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Furthermore, in 2010, the United States Supreme Court considered the issue and held that the statute would be equitably tolled *only* if the petitioner shows (1) that he has reasonably pursued his rights and (2) "that some extraordinary circumstance stood in his way" and prevented him from filing his petition on time. *Holland*, 560 U.S. at 649.

This court finds that Petitioner's had not presented extraordinary circumstances warranting equitable tolling. *See e.g. Jones v. South Carolina*, No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmate's advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."); *Quezada v. Artuz*, No. 98-CV-2593(NG), 2001 WL 1262402 (E.D.N.Y. Oct. 17, 2001) (stating that petitioner's claim that legal papers were lost did not justify equitable tolling when "petitioner [made] no claim that his papers were intentionally confiscated [by the jail workers], or that this occurred shortly before the end of the one year time period" of the statute of limitations and did not show how the papers were necessary to file his petition); *cf. Valverde v. Stinton*, 224 F.3d 120 (2nd Cir. 2000) (stating that "intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer" near the deadline to file his petition was an extraordinary circumstance that potentially warranted equitable tolling). Here, Petitioner, by his own accord, "hired" a third- party individual, who does not appear to have any legal training, to aid him in the filing of his Petition. *See* (ECF No. 1-1 at 1) (indicating the court should "[k]indly note that my secretary is submitting this petition" and

9

showing the signature of "Mark Marvin, Secretary"); *see also* (ECF No. 20) (indicating he had hired Mark Marvin to assist him).

Petitioner appears to claim that it is Mark Marvin's fault that he was unable to file his Petition on time and that Marvin did not help, so Petitioner had to "draw conclusion[s] on [his] own" and file the Petition. (ECF No. 20 at 1). Petitioner also argues there was a mail delay. *Id.* However, the court notes that Petitioner hired Mark Marvin himself, at his own discretion. No one forced Petitioner to seek outside help regarding his Petition; moreover, the court does not even allow for non-attorneys to file on behalf of *pro se* individuals. As a practical matter, such conduct could very likely be deemed the unauthorized practice of law and result in severe ramifications. Of consequence here, there is no great hurdle that was unavoidable on Petitioner's part that prevented him from filing his Petition in a timely manner. Even assuming Petitioner was relying on Marvin's aid, a petitioner that is acting reasonably diligently would, at some point near the deadline, recognize that such aid was not coming and ensure that he filed before the limitations period expired. As for the lockdown that Petitioner references in his objections, the court notes that such lockdown was in 2019, far before Petitioner's deadline for filing this Petition, and in fact, before his state court cases were concluded. Accordingly, the court finds that the lockdown does not aid Petitioner here. Therefore, based on the foregoing, the court finds that Petitioner has failed to meet his burden in establishing that he deserves the benefit of equitable tolling. Accordingly, his objections in this regard are overruled.

## D.  REMAINING OBJECTIONS

Petitioner's remaining objections are nonresponsive to the Report. First, Petitioner challenges the fact that the Report did not reach the merits of his claims. (ECF Nos. 27 at 1; 29-

1). Having found that Petitioner's claims are time barred, the court need not reach the merits of the underlying claims. Accordingly, this objection is overruled.

Second, Petitioner's objections regarding the alleged bias of the magistrate judge, (ECF Nos. 27 at 2; 29-1), are without merit. The magistrate judge provided a detailed Report which appropriately applied the law to the facts of the case. Simply recommending ruling against Petitioner does not equate to bias or warrant recusal. Accordingly, the court overrules this objection.

## V. CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (ECF No. 15). It is therefore **ORDERED** that the Petitioner's petition for a writ of habeas corpus is **DISMISSED without prejudice and without requiring the Respondent to file a Return.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 6, 2023